[No. 17063.    Department One.    March 28, 1922.]

L. KRACKE, *Respondent,* v. MICHAEL COHEN *et al.,*
*Appellants.*[1]

APPEAL (356)—RECORD—DISMISSAL—TIME AND MODE. A motion to dismiss an appeal and affirm the judgment on a short record prepared by respondent will not be granted because the appeal was taken without exceptions taken to the findings of fact and before settlement of a statement of facts or bill of exceptions; since it cannot be known in advance what error the appellant will assign; nor can the supreme court review the merits on such a motion to dismiss.

Motion to dismiss an appeal from a judgment of the superior court for King county, Griffiths, J., entered October 17, 1921. Denied.

*John F. Dore,* for appellants.
*James R. Chambers,* for respondent.

BRIDGES, J.—The respondent has moved to dismiss this appeal, for affirmance of the judgment, and for

[1]Reported in 205 Pac. 13.

judgment against the sureties on the appeal and super-
sedeas bonds. The grounds of the motion are that the
appellant has taken no exceptions to the findings of
fact or conclusions of law in a law case tried by the
court without a jury, and that no bill of exceptions or
statement of facts has been filed with the lower court
within ninety days from the date of the entry of the
judgment. The respondent has brought here a short
record which shows, among other things, that, on Oc-
tober 17, 1921, the court, after having made its find-
ings and conclusions, entered a judgment in favor of
the respondent, and that, on January 4, 1922, appel-
lants served and filed their notice of appeal, and on
January 7, filed their appeal and supersedeas bond.

The motion must be denied. In the first place, the
clerk's certificate to the transcript is that it contains
such portions of the records and files as he has been
directed by the respondent to transmit to this court.
For all that appears, it may be that the appellant has
moved against or demurred to the complaint or other
pleadings of the respondent. If so, we would be re-
quired to review the actions of the trial court on them,
even though there are no exceptions to the findings and
conclusions and no statement of facts. Again, it may
be that the appellant will contend that the judgment is
not supported by the findings. We can review that
question without either a statement of facts or excep-
tions to the findings of the court. But such a review
would require us to examine into the merits of the case,
a thing we will never do on a motion to dismiss. Some
expressions may be found in our cases which at first
glance may seem to indicate that we will examine into
certain merits to determine whether a motion to dis-
miss will be granted. But we believe that all such ex-
pressions will be found in cases where the motion and
the merits have been presented together. *Hatch v.*

*Hover-Schiffner Co.*, 101 Wash. 551, 172 Pac. 817, is a case of this kind.

The motion is denied.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.